**In the Matter of the Application for the DISCIPLINE OF Stuart E. GALE, an Attorney at Law of the State of Minnesota.**

**No. C6–85–2211.**

Supreme Court of Minnesota.

Dec. 17, 1985.

### ORDER

The Director has filed with this court a petition alleging that the respondent Stuart E. Gale is guilty of unprofessional conduct warranting public discipline. The Director and the respondent, independently represented by counsel, have entered into a stipulation. In the stipulation the respondent has waived all of his rights to hearings before the Lawyers Professional Responsibility Board and this court pursuant to Rules 9, 13(b) and 14 of the Rules on Lawyers Professional Responsibility. Moreover, in the stipulation the respondent has admitted allegations summarized as follows: Respondent represented a partnership which was purchasing unplatted and undeveloped land in Dakota County from J.P. Development Co. The partnership purportedly sold two lots from the Dakota County property by contracts for deed drafted by the partnership. Those contracts were sham because there were no bona fide vendees. In December, 1978, one Donn Webster entered into an agreement with the partnership to purchase the partnership's vendor's interest in those sham contracts for deed. Webster's attorney sent to respondent, as attorney for the partnership, a check for the purchase price

made payable to respondent's trust account. In the transmittal letter, Webster's attorney requested that respondent perform certain acts to ensure clear title before releasing the funds to the partnership. The respondent deposited the proceeds of the check into his trust account, but immediately disbursed all of those funds to J.P. Development Company on behalf of the partnership as part of the down payment on the Dakota County property. In doing so, the respondent claims that one of the partners represented to him that the attorney for Webster was agreeable to disbursing the funds without all of the formalities being accomplished. Respondent failed to comply with any of the conditions of Webster's attorney's transmittal letter, and failed to notify that attorney of his inability or refusal to comply with them. The respondent's conduct in this matter violated DR 5–105(A) and DR 9–102(B)(4), Minnesota Code of Professional Responsibility.

The court having considered the petition and the stipulation and the recommendation of the Director,

NOW, THEREFORE, IT IS ORDERED:

1. That respondent Stuart E. Gale is hereby publicly reprimanded pursuant to Rule 16, Rules on Lawyers Professional Responsibility.

2. Within 30 days from the date of this order, respondent shall pay to the Director the sum of $500 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.